**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**2833 North Central Ave., #613**
**Phoenix, AZ 85004**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **JULIE FLOREZ-CRUZ**, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT** |
| | ) |
| vs. | ) |
| | ) |
| **FIRST FINANCIAL ASSET MANAGEMENT, INC.** | ) ) |
| | ) |
| Defendant. | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Julie Florez-Cruz, is a natural person residing in Orange, CA.

4. Defendant, First Financial Asset Management, Inc. is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.  FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one hundred twenty days preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

1. Communicating with Plaintiff at places known to be inconvenient, including Plaintiff's place of employment despite being repeatedly told to stop (§1692c(a)(1&3));

2. Engaging in conduct of which the natural consequence is to harass, oppress, or abuse, including calling Plaintiff and causing Plaintiff's telephone to ring with intent to annoy, abuse, or harass (§1692d(2)(5));

3. Failing to validate the debt at the time of initial contact and/or in writing within five days thereafter despite being requested to do so (§1692g(a);

4. Communicating with persons other than Plaintiff for purposes other than to locate Plaintiff and communicating specific information about the debt owed (§1692b(1 &3));

5. Yelling and being otherwise verbally abusive and threatening physical harm in connection with the collection of this alleged debt (§1692(d)); and,

6. Failing to provide meaningful disclosure of Defendant's identity and address (§1692(d)(6).

7. Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiff's right to privacy, causing injury to Plaintiff's feelings, mental anguish and distress.

## IV.   PRAYER FOR RELIEF

8. As a result of the above violations of the FDCPA and invasion of privacy, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 11th day of April, 2007

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC